JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00697-JHN -JCGx | Date | April 1, 2011 |
|---|---|---|---|
| Title | Baby Moose Drawings, Inc. v. Dean Valentine et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9] (In Chambers)

Before the Court is Plaintiff Baby Moose Drawings, Inc.'s ("Plaintiff") Motion to Remand. (Docket No. 9.) The Motion is made on the ground that the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1331. The Court has reviewed the briefs filed in connection with the Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons set forth below, the Court **GRANTS** the Motion and **REMANDS** the action to the Los Angeles County Superior Court.

## I. FACTUAL BACKGROUND

Plaintiff commenced this action against Defendant Dean Valentine ("Defendant") in Los Angeles County Superior Court. (Notice of Removal at 1.) The following facts are alleged in the Complaint:

Plaintiff is the assignee of Mark Grotjahn's ("Grotjahn") royalty collection rights. (Compl. ¶ 1.) Grotjahn, an artist, sold to Defendant two paintings and a drawing Grotjahn created. (*Id.* ¶¶ 6-8.) Defendant subsequently resold these three works of art for a profit. (*Id.* ¶¶ 6-10.) In violation of section 986 of the California Civil Code ("Royalty Act"), Defendant allegedly failed and refused to pay Plaintiff the 5% royalties due. (*Id.* ¶ 10.) Based on these allegations, Plaintiff seeks damages, attorney's fees and costs for Defendant's failure to pay royalties pursuant to the Royalty Act.

On January 24, 2011, Defendant removed the action to federal court based on federal question jurisdiction. (Docket No. 1.) Plaintiff moved to remand, claiming that the Court does not have federal question jurisdiction. (Mot. at 1.)

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction may be based on diversity of citizenship, federal question, or "any civil action arising under any Act of Congress relating to . . . copyrights." 28 U.S.C. §§ 1331, 1332, 1338(a).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00697-JHN -JCGx | Date | April 1, 2011 |
|---|---|---|---|
| Title | Baby Moose Drawings, Inc. v. Dean Valentine et al. | | |

Under 28 U.S.C. § 1331, the court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Similarly, under 28 U.S.C. § 1338, the court has copyright subject matter jurisdiction if the test in *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964) is met.[1] *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. Cal. 2003). The *T.B. Harms* test is a reiteration of the "well pleaded complaint" rule. *Id.* (citing *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health & Envtl. Quality of the State of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000)).

The plaintiff, as the "master of the complaint," may choose not to plead federal claims to avoid removal from the state forum. *Caterpillar*, 482 U.S. at 392. Additionally, removal to federal court cannot be based on "a federal defense, including the defense of pre-emption." *Id.*

The only exception to the "well-pleaded complaint rule" is where plaintiff's federal claim has been disguised by "artful pleading." *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987); *see also ARCO*, 213 F.3d at 1114 ("[U]nder the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.") (citation and internal quotation omitted). "Artful pleading" includes instances "where federal law completely preempts state law." *ARCO*, 213 F.3d at 1114 (citations omitted).

> The Supreme Court explained:
>
> Under the Supremacy Clause, U.S. Const., Art. VI, cl. 2, the enforcement of a state regulation may be [completely] pre-empted by federal law in several circumstances: first, when Congress, in enacting a federal statute, has expressed a clear intent to pre-empt state law [(express preemption)], *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977); second, when it is clear, despite the absence of explicit pre-emptive language, that Congress has intended, by legislating comprehensively, to occupy an entire field of regulation and has thereby "left no room for the States to supplement" federal law [(field preemption)], *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947); and, finally, when compliance with both state and federal law is impossible, *Fla. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-143 (1963), or when the state law "stands as an

---

[1] Under the *T.B. Harms* test, if "(1) the complaint asks for a remedy expressly granted by the Copyright Act [of 1976 ("Copyright Act")]; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims," copyright subject matter jurisdiction exists. *Scholastic Entm't, Inc*, 336 F.3d at 986 (citing *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 349 (2d Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00697-JHN -JCGx | Date | April 1, 2011 |
|---|---|---|---|
| Title | Baby Moose Drawings, Inc. v. Dean Valentine et al. | | |

obstacle to the accomplishment and execution of the full purposes and objectives of Congress [(conflict preemption)]." *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941).

*Capital Cities Cable v. Crisp*, 467 U.S. 691, 698-99 (1984).

Finally, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." *Id.* Moreover, the district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### III. DISCUSSION

In the instant case, Plaintiff moves to remand the action to state court because the Complaint only alleges a state claim. (Mot. at 1.) Plaintiff's sole cause of action is a violation of the Royalty Act. (Compl. ¶ 10.) In relevant part, the Royalty Act states that "the seller or the seller's agent shall pay to the artist of such work of fine art or to such artist's agent 5[%] of the amount of such sale." Cal. Civ. Code § 986(a).

Defendant contends that the Royalty Act is (1) completely preempted by the Copyright Act; and in the alternative, (2) completely preempted by the Berne Convention for the Protection of Literary and Artistic Works ("Berne Convention").[2]

**A. Copyright Act Does not Preempt the Royalty Act**

Title 17 of the United States Code, Section 301 establishes a two-step test to determine whether the Copyright Act preempts the state copyright law at issue. First, the work at issue "must come within the subject matter of copyright as specified by [17 U.S.C. §§ 102 and 103]." 17 U.S.C. § 301(a); *see also Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987). Second, the works at

---

[2] In its Notice of Removal, Defendant also contends that the Royalty Act is unconstitutional because it violates (1) the Commerce Clause (Notice of Removal ¶ 8); (2) the Contracts Clause (*Id.* ¶ 10); and (3) federal due process provisions of the Fifth and Fourteenth Amendments (*Id.* ¶ 11). Additionally, Defendant contends that the Royalty Act violates the Lanham Act under 15 U.S.C. § 1125, *et seq.* (*Id.* ¶ 12.) The crux of this motion is whether Royalty Act is completely preempted. Defendant's constitutional arguments are a red herring, and Defendant's opposition did not hinge upon these theories. (*See* Opp'n 7-25.) At best, these contentions are federal defenses and as such, are irrelevant in determining removal. Removal to federal court cannot be based on "a federal defense, including the defense of pre-emption." *Caterpillar*, 482 U.S. at 392.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00697-JHN -JCGx | Date | April 1, 2011 |
|---|---|---|---|
| Title | Baby Moose Drawings, Inc. v. Dean Valentine et al. | | |

issue must be "equivalent to any of the exclusive rights within the general scope of copyright as specified by [17 U.S.C. § 106]." *Del Madera Props.*, 820 F.2d at 976 (citing 17 U.S.C. § 301(a)); *Chesler/Perlmutter Prods. v. Fireworks Entm't, Inc.*, 177 F. Supp. 2d 1050, 1057 (C.D. Cal. 2001) ("The Copyright Act only has complete preemptive force if the rights asserted in the state law claims are rights that could have been asserted under the Copyright Act."). The rights of reproduction, preparation of derivative works, distribution, and display are exclusively protected by the Copyright Act. 17 U.S.C. § 106; *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005). Further, the Copyright Act does not preempt a state law with an "'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act." *Altera Corp.*, 424 F.3d at 1089 (citing *Summit Mach. Tool Mfg. v. Victor CNC Sys.*, 7 F.3d 1434, 1439-40 (9th Cir. 1993); *Bowers v. Baystate Techs. Inc.*, 320 F.3d 1317, 1323-24 (Fed. Cir. 2003)).

In this case, Plaintiff does not contend that Grotjahn's works are outside the Copyright Act's subject matter, satisfying the first step of the preemption analysis.[3] (*See* Mot. at 8-9.) Rather, Plaintiff contends that the second prong of the preemption analysis under § 301 is not met because the Royalty Act does not infringe on the exclusive rights delineated in the Copyright Act.[4] (Mot. at 9.) The Court agrees. The Royalty Act's "extra element" in granting a 5% royalty right on resale amounts to artists is qualitatively different from the rights granted to copyright holders under the Copyright Act. *See Durgom v. Janowiak*, 74 Cal. App. 4th 178, 186-87 (Cal. App. 4th Dist. 1999) (holding that a "state law right to receive royalties pursuant to contract is not equivalent to any of the exclusive rights secured by a federal copyright").

Indeed, Congress clearly intended for the Royalty Act to withstand preemption by the Copyright Act. *See* H.R. 514, 101st Cong. (1990), 1990 Cong US HR 514 (Lexis). In enacting the Visual Artists Rights Act of 1990, *see* H.R. 514, 1990 Cong US HR 514 (Lexis), the Committee on the Judiciary reported on amendments to the Copyright Act. As to the issue of federal preemption, the Committee stated that

> [s]tate artists' rights laws that grant rights not equivalent to those accorded under the proposed law are not preempted, even when they relate to works covered by [the Copyright Act]. For example, the *law will not preempt a cause of action for . . . a violation of a right to a resale royalty*.

---

[3] The two resold paintings and drawing fall under the "pictorial, graphic, and sculptural works" category of 17 U.S.C. §§ 102(a)(5) and is, therefore, within the Copyright Act's subject matter.

[4] Defendant contends that 17 U.S.C. § 106 and 17 U.S.C.§ 109 completely preempt the Royalty Act. (Notice of Removal ¶¶ 5, 6; Opp'n at 11-15.) However, the Copyright Act's preemption analysis only requires an examination of the exclusive rights under 17 U.S.C. § 106. *See* 17 U.S.C. § 301. Therefore, the Court does not reach an analysis of 17 U.S.C.§ 109 under the second step of the Copyright Act's preemption analysis.

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-00697-JHN -JCGx | Date | April 1, 2011 |
|---|---|---|---|
| Title | Baby Moose Drawings, Inc. v. Dean Valentine et al. | | |

*Id.* (emphasis added). At the time of the enactment of the Visual Artists Rights Act of 1990, which amended the Copyright Act, California was, and is, the only jurisdiction in the United States that provided resale royalty. *See* 2-8C Nimmer on Copyright 8C.04[A][1]. If Congress intended the Copyright Act to preempt the California statute, it would have said so. Defendant has not met his burden of establishing proper removal. Congress' intent demonstrates that the Resale Royalty was not intended to be preempted by the Copyright Act. *See* H.R. 514, 101st Cong, 1990 Cong US HR 514 (Lexis).

**B. Berne Convention Does not Preempt the Royalty Act**

Defendant further contends that the Royalty Act is preempted by the United States' obligations under the Berne Convention for the Protection of Literary and Artistic Works ("Berne Convention"). (Opp'n at 22.) However, the Berne Convention "is not self-executing under the Constitution and laws of the United States." Berne Convention Implementation Act of 1988, H.R. 4262, 100th Cong. § 2 (1988), 1988 Cong US HR 4262 (Lexis). "The obligations of the United States under the Berne Convention may be performed only pursuant to appropriate domestic law." *Id.*

Furthermore, the Copyright Act states that its scope of preemption is not affected by the Berne Convention.[5] 17 U.S.C. § 301(e). The rights created by the Berne Convention do not extend beyond domestic law. Therefore, the Berne Convention, alone, cannot preempt the Royalty Act. *See Elsevier B.V. v. UnitedHealth Grp., Inc.*, 2010 U.S. Dist. LEXIS 3261, at *10 (S.D.N.Y. Jan. 14, 2010) ("Since the Berne Convention is not self-executing, it cannot serve as the basis for a claim of preemption under Article VI of the United States Constitution.").

### IV. CONCLUSION

For these reasons, the Court GRANTS Plaintiff's Motion to Remand (Docket No. 9) and REMANDS the case to the Los Angeles County Superior Court.

Plaintiff's request for attorney's fees and costs is DENIED.

**IT IS SO ORDERED.**

| | : | N/A |
|---|---|---|
| | AM | |

---

[5] Specifically, the Copyright Act states that "[t]he scope of Federal preemption under this section is not affected by the adherence of the United States to the Berne Convention or the satisfaction of obligations of the United States thereunder." 17 U.S.C § 301(e).

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00697-JHN -JCGx | Date | April 1, 2011 |
|---|---|---|---|
| Title | Baby Moose Drawings, Inc. v. Dean Valentine et al. | | |